**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **APRIL MUNOZ,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:15-CV-6:15-cv-12** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA and** | § | |
| **CHRISTIAN TENORIO,** | § | |
| **Defendants** | § | |

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Safeco"), hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, San Angelo Division, of the action styled *April Munoz v. Safeco Insurance Company of Indiana and Christian Tenorio*; Cause No. A150045C, currently pending in the 51st Judicial District Court of Tom Green County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.
FACTS**

1.    Plaintiff filed suit in the State Court case on January 30, 2015, as the result of alleged delay or denial of benefits under her homeowner's insurance policy. Plaintiff alleges that Safeco breached its contract with Plaintiff, violated provisions of the Texas Insurance Code and breached the common law duty of good faith and fair dealing in the adjustment and handling of Plaintiff's claim by delaying and denying benefits, following her loss on or about May 7, 2014.

*See Plaintiff's Original Petition* (the "Petition") at ¶¶ 15-24. Plaintiff seeks statutory damages under the Texas Insurance Code, attorney's fees for Safeco's alleged wrongful denial, and statutory prompt payment penalties. Safeco denies that Plaintiff is entitled to these benefits or damages.

2.      Defendant Safeco was served with the Petition and citation on February 9, 2015. Safeco filed its Original Answer on February 27, 2015. Defendant Christian Tenorio has not been served with citation. A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Pursuant to Tex. R. Civ. P. 47, Plaintiff's petition states that Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind...." Petition at ¶ 5.

4.      Complete diversity exists between the Plaintiff and Defendant Safeco now as well as on the date of filing of the State Court Case. Plaintiff is a citizen and resident of the State of Texas. Petition ¶ 1. Defendant Safeco is an insurance company incorporated in Illinois with its principal place of business in Massachusetts. Safeco is a citizen of Illinois and Massachusetts and not the State of Texas.

5.      Defendant Christian Tenorio ("Tenorio") is a Texas resident and was improperly joined to defeat diversity jurisdiction in this case. Tenorio has not been served with Plaintiff's Original Petition and citation.

6.      Plaintiff has made a jury demand in the State Court Case.

7.      This action is a civil action which may be removed to this Court by Defendant Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between

citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

## II.
## DEFENDANT JEFFREY ALLEN IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

8.      The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs,* 408 F.3d 177, 183 (5th Cir. 2005).

9.      Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "<u>facts</u> warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law. *Id* at 702. "The Fifth Circuit has bluntly rejected the contention that a merely theoretical possibility of recovery will suffice to preclude removal. . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003)

(citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000)).

      10.    In this case, Plaintiff has not pled any factual allegations regarding Defendant Tenorio that could form the basis of an independent cause of action against him as opposed to the carrier. Plaintiff has alleged only that the claim was assigned to Tenorio for an inspection and that Tenorio prepared a report which underscoped the damage and resulted in the underpayment of the claim. *See* Petition at ¶¶ 10-11. Plaintiff does not identify any false, misleading or deceptive acts by Tenorio. Thus, Plaintiff has filed suit against Tenorio for the same reason that Plaintiff filed suit against Safeco: she is unhappy with the amount Safeco paid to settle her claim. This is not sufficient to establish a reasonable probability of recovery against Tenorio. *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014)(holding that representations that wind and hail damage was far less extensive than it actually was and that damage was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of §541.060 because they do not relate to the "coverage at issue."); *Green v. Nationwide Mut. Ins. Co.*, 2014 WL 6991277 at *5 (W.D. Tex. Dec. 11, 2014)(finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the insured's] claim.") Texas law does not contemplate that adjusters like Tenorio will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex.App.-Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). Defendant

Christian Tenorio has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court.

## III.
## PROCEDURAL REQUIREMENTS

11.     This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

13.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 51st Judicial District Court of Tom Green County, Texas, promptly after the filing of this Notice.

14.     Attached hereto and incorporated herein, are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court Case docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana requests that this action be removed from the 51th Judicial District Court of Tom Green County, Texas, to the United States District Court for the Northern District of Texas, San Angelo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _/s/ Catherine L. Hanna_ _____
   Catherine L. Hanna
   State Bar No. 08918280
   Email: channa@hannaplaut.com
   Laura D. Tubbs
   State Bar No. 24052792
   Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been forwarded via facsimile on this the 11th day of March, 2015, to:

**_Via Facsimile (713) 655-1587_**
Richard D. Daly
John Scott Black
Ana M. Ene
William X. King
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
_Attorney for Plaintiffs_

      _/s/ Catherine L. Hanna_ _____
      Catherine L. Hanna

---

# EXHIBIT "A"



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

null / ALL
Transmittal Number: 13452029
Date Processed: 02/10/2015

Primary Contact:    Arlene Smith
                    Liberty Mutual Insurance Company
                    175 Berkeley Street
                    Boston, MA 02117

| | |
|---|---|
| Entity: | Safeco Insurance Company Of Indiana |
| | Entity ID Number 2780991 |
| Entity Served: | Safeco Insurance Company of Indiana |
| Title of Action: | April Munoz vs. Safeco Insurance Company of Indiana |
| Document(s) Type: | Citation/Petition |
| Nature of Action: . | Contract |
| Court/Agency: | Tom Green County District Court, Texas |
| Case/Reference No: | A150045C |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/09/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Richard D. Daly |
| | 713-655-1405 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Safeco Insurance Company of Indiana, Defendant, by serving Corporation Service Company, Registered Agent, 211 East 7th Street, Suite 620, Austin, TX 78701

**Greeting:** You are commanded to appear by filing a written answer to the plaintiff's petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the Honorable 51st District Court of Tom Green County, Texas at the Courthouse of said County in San Angelo, Texas.

## Said PLAINTIFF'S ORIGINAL PETITION was filed in said Court on this the 30th day of January, 2015

The file number of said suit being A150045C.

The style of the case is:

**April Munoz**
**vs.**
**Safeco Insurance Company of Indiana And Christian Tenorio**

A copy of PLAINTIFF'S ORIGINAL PETITION accompanies this citation.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in San Angelo, Texas, on this the 3rd day of February, 2015 .



SHERI WOODFIN, CLERK
51st District Court
Tom Green County, Texas

Signed: 2/3/2015 12:56:17 PM

By: _Denise Dickson_ , Deputy

ATTACH RETURN RECEIPTS WITH

## ADDRESSEE'S SIGNATURE

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY _____ CERTIFIED MAIL
_____ RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC. 17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

Denice Dickson
NAME OF PREPARER          TITLE

112 West Beauregard
San Angelo, Tx 76903

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of

_____, 20_____

At _____ o'clock_____m., was delivered to

_____
Defendant(s) by registered mail or certified mail, with delivery
restricted to addressee only, return receipt requested, a true
copy of this citation with a copy of the petition attached
thereto.

Filed for Record
1/30/2015 4:42:46 PM
Sheri Woodfin, District Clerk
Tom Green County, Texas

A150045C

CAUSE NO._____

| | | |
|---|---|---|
| APRIL MUNOZ | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | TOM GREEN COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND CHRISTIAN | § | |
| TENORIO | § | _____ JUDICIAL DISTRICT |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

April Munoz ("Ms. Munoz"), Plaintiff herein, files this Original Petition against Defendants Safeco Insurance Company of Indiana ("Safeco") and Christian Tenorio ("Tenorio") and, in support of her causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.    April Munoz is a Texas resident who resides in Tom Green County, Texas.

2.    Safeco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701.

3.    Christian Tenorio is a Texas resident who participated in adjusting Ms. Munoz's insurance claim, and he may be served via certified mail at 7520 Grassvalley Trl., Fort Worth, TX 76123.

## II.
## DISCOVERY

4.    This case is intended to be governed by Discovery Level 2.



## III.
### CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
### JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in Tom Green County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Tom Green County. In particular, the loss at issue occurred in Tom Green County.

## V.
### FACTUAL BACKGROUND

8.     Ms. Munoz is a named insured under a property insurance policy issued by Safeco.

9.      On or about May 7, 2014 a storm hit the San Angelo, Texas area, damaging Ms. Munoz's A/C system and other property.   Ms. Munoz subsequently filed a claim on her insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     Tenorio was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     Tenorio's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, Safeco and Tenorio performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.      Breach of Contract (Safeco Only)**

15.     Safeco had a contract of insurance with Plaintiff.  Safeco breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.      Prompt Payment of Claims Statute (Safeco Only)**

16.     The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (Safeco and Tenorio)**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

4

       (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

       (4)     making a material misstatement of law; and

       (5)     failing to disclose a matter required by law to be disclosed.

    22.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

    23.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

       (1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

       (2)     Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

       (3)     Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

    24.    Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).



**D.     Attorneys' Fees**

25.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

28.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

**VIII.**
**DISCOVERY REQUESTS**

29.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, April Munoz prays that, upon final hearing of the case, she recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Ms. Munoz be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Munoz may show herself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:   /s/ Richard D. Daly
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      John Scott Black
      TBA No. 24012292
      jblack@dalyblack.com
      Ana M. Ene
      TBA No. 24076368
      aene@dalyblack.com
      Matthew Worrall
      TBA No. 24070883
      mworrall@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
APRIL MUNOZ

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

8

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings or conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.   "Property" means the property at issue in the lawsuit.

9

J.    "Lawsuit" means this lawsuit.

Respectfully submitted,

DALY & BLACK, P.C.

By:  /s/ Richard D. Daly
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
John Scott Black
TBA No. 24012292
jblack@dalyblack.com
Ana M. Ene
TBA No. 24076368
aene@dalyblack.com
Matthew Worrall
TBA No. 24070883
mworrall@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
APRIL MUNOZ

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it when it was served with the citation.

/s/ Richard D. Daly
Richard D. Daly

10

## INTERROGATORIES TO DEFENDANT SAFECO

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the damaged A/C system and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which it was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16.   To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17.   State the date Defendant first anticipated litigation.

ANSWER:

18.   State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19.   Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21.   Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

22.   List all of your approved or preferred engineers, third party adjusters/adjusting companies, and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT SAFECO

1.  The following insurance documents issued for the Property as identified in the Petition:
    a. the policy at issue for the date of loss as identified in the Petition; and
    b. the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.   All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.   All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

21. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff(s).

RESPONSE:

22. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25. All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26. All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

17

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

RESPONSE:

## INTERROGATORIES TO DEFENDANT TENORIO

1.     Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

       RESPONSE:

2.     Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

       RESPONSE:

3.     Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

       RESPONSE:

4.     Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans.  To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

       RESPONSE:

5.     State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

       RESPONSE:

6.    Identify the following dates:

     a.  The date you first obtained an adjuster license in the State of Texas;
     b.  The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
     c.  The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
     d.  The date you closed your file on the claim made the basis of this Lawsuit; and
     e.  The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

7.    Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:

     a.  The name and job title of any person who inspected the Property with you;
     b.  The date of each inspection;
     c.  The purpose of each inspection;
     d.  The length of time of each inspection;
     e.  The equipment or tools used during each inspection;
     f.  The areas of the Property inspected (i.e. individual rooms, exterior); and
     g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

8.    Following the inspection(s), did You engage in any additional communications (*e.g.*, telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

     a.  the date of such communication(s);
     b.  the manner of such communication(s);
     c.  the person to whom You communicated;
     d.  the reason for the communication(s);
     e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
     f.  the general substance of the communication.

RESPONSE:

9.  Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

    RESPONSE:

10. For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

    RESPONSE:

11. To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

    RESPONSE:

12. Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

    RESPONSE:

13. How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiff's claim?

    RESPONSE:

14. Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

    RESPONSE:

15. Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

RESPONSE:

16.   Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

17.   To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

18.   Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT TENORIO

1.   All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.   All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.   All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.   All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

RESPONSE:

5.   All resumes for the last five (5) years.

RESPONSE:

6.   All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

RESPONSE:

7.   All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

23

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

10.   All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.   All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

RESPONSE:

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

15.   All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

16.   All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.   All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO
### Safeco AND Christian  Tenorio

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:





016H26516819
$08.030
02/04/2015
Mailed From 76903
US POSTAGE
Hasler

CERTIFIED MAIL

9269 3901 0613 5400 0049 4980 43

Return Receipt (Electronic)

SHERI WOODFIN
DISTRICT CLERK
TOM GREEN COUNTY
112 W BEAUREGARD AVE
SAN ANGELO, TX 76903-5835

RESTRICTED DELIVERY

A150045C
BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT
SAFECO INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Safeco Insurance Company of Indiana, Defendant, by serving Corporation Service Company,
Registered Agent, 211 East 7th St.,
Ste 620, Austin, TX 78701

**Greeting:** You are commanded to appear by filing a written answer to the plaintiff's petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the Honorable 51st District Court of Tom Green County, Texas at the Courthouse of said County in San Angelo, Texas.

## Said PLAINTIFF'S AMENDED ORIGINAL PETITION was filed in said Court on this the 17th day of February, 2015

The file number of said suit being A150045C.

The style of the case is:

**April Munoz**
**vs.**
**Safeco Insurance Company of Indiana And Christian Tenorio**

A copy of PLAINTIFF'S AMENDED ORIGINAL PETITION accompanies this citation.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in San Angelo, Texas, on this the 17th day of February, 2015 .



SHERI WOODFIN, CLERK
51st District Court
Tom Green County, Texas

Signed: 2/17/2015 2:57:28 PM

By: _Denise Dickson_ , Deputy

ATTACH RETURN RECEIPTS WITH

## *ADDRESSEE'S SIGNATURE*

RULE 106(A)(2) THE CITATION SHALL
BE SERVED BY MAILING TO THE
DEFENDANT BY _____ CERTIFIED MAIL
_____ RETURN RECEIPT REQUESTED, A
TRUE COPY OF THE CITATION.
SEC.17.027 RULE OF CIVIL PRACTICE
AND REMEDIES CODE IF NOT PREPARED
BY CLERK OF COURT.

**CERTIFICATE OF DELIVERY BY MAIL**

I hereby certify that on the _____ day of

_____, 20 _____

At _____ o'clock _____ m., was delivered to

_____

Defendant(s) by registered mail or certified mail, with delivery
restricted to addressee only, return receipt requested, a true
copy of this citation with a copy of the petition attached
thereto.

| __Denice Dickson__ | __Court Clerk__ |
|---|---|
| NAME OF PREPARER | TITLE |

112 West Beauregard
San Angelo, Tx 76903

Filed for Record
2/17/2015 1:12:40 PM
Sheri Woodfin, District Clerk
Tom Green County, Texas

CAUSE NO. <u>A150045C</u>

| | | |
|---|---|---|
| APRIL MUNOZ | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | TOM GREEN COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND CHRISTIAN | § | |
| TENORIO | § | 51st JUDICIAL DISTRICT |
| | § | |
| Defendants | | |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

April Munoz ("Ms. Munoz"), Plaintiff herein, files this Amended Original Petition against Defendants Safeco Insurance Company of Indiana ("Safeco") and Christian Tenorio ("Tenorio") and, in support of her causes of action, would respectfully show the Court the following:

**I.**
**THE PARTIES**

1.    April Munoz is a Texas resident who resides in Tom Green County, Texas.

2.    Safeco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701.

3.    Christian Tenorio is a Texas resident who participated in adjusting Ms. Munoz's insurance claim, and he may be served via certified mail at 7520 Grassvalley Trl., Fort Worth, TX 76123.

## II.
## DISCOVERY

4.    This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.    The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.    Venue is proper in Tom Green County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Tom Green County. In particular, the loss at issue occurred in Tom Green County.

## V.
## FACTUAL BACKGROUND

8.  Ms. Munoz is a named insured under a property insurance policy issued by Safeco.

9.  On or about May 7, 2014 a storm hit the San Angelo, Texas area, damaging Ms. Munoz's house and other property. Ms. Munoz subsequently filed a claim on her insurance policy.

10.  Defendants improperly denied and/or underpaid the claim.

11.  Tenorio was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.  Tenorio's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.  Moreover, Safeco and Tenorio performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.  Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract (Safeco Only)**

15.  Safeco had a contract of insurance with Plaintiff. Safeco breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute (Safeco Only)**

16.    The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (Safeco and Tenorio)**

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

4

21.    Defendants violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

    (5)    failing to disclose a matter required by law to be disclosed.

22.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

    (1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)    Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted

in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

25.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

28.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

**VIII.**
**DISCOVERY REQUESTS**

29.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.   You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, April Munoz prays that, upon final hearing of the case, she recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Ms. Munoz be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Munoz may show herself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:   /s/ Richard D. Daly
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      John Scott Black
      TBA No. 24012292
      jblack@dalyblack.com
      Ana M. Ene
      TBA No. 24076368
      aene@dalyblack.com
      William X. King
      TBA No. 24072496
      wking@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
APRIL MUNOZ

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.  You know the response made was incorrect or incomplete when made; or

b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.  These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

8

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys.  The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

9

J.    "Lawsuit" means this lawsuit.

Respectfully submitted,

DALY & BLACK, P.C.

By:    /s/ Richard D. Daly
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      John Scott Black
      TBA No. 24012292
      jblack@dalyblack.com
      Ana M. Ene
      TBA No. 24076368
      aene@dalyblack.com
      William X. King
      TBA No. 24072496
      wking@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
APRIL MUNOZ

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to Plaintiff's Amended Original Petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ Richard D. Daly
Richard D. Daly

10

## INTERROGATORIES TO DEFENDANT SAFECO

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

11

8.    Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.   To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16.     To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

        ANSWER:

17.     State the date Defendant first anticipated litigation.

        ANSWER:

18.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

        ANSWER:

19.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

        ANSWER:

20.     Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

        ANSWER:

21.     Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

        ANSWER:

22.     List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

        ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT SAFECO

1.  The following insurance documents issued for the Property as identified in the Amended Petition:
    a.  the policy at issue for the date of loss as identified in the Amended Petition; and
    b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

14

8.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.    To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.    A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.    All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.    All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

15

14.    If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

21. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff(s).

RESPONSE:

22. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25. All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26. All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

17

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

RESPONSE:

## INTERROGATORIES TO DEFENDANT TENORIO

1. Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

   RESPONSE:

2. Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

   RESPONSE:

3. Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

   RESPONSE:

4. Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

   RESPONSE:

5. State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

   RESPONSE:

19

6.     Identify the following dates:

    a.  The date you first obtained an adjuster license in the State of Texas;
    b.  The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
    c.  The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
    d.  The date you closed your file on the claim made the basis of this Lawsuit; and
    e.  The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


7.     Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
    a.  The name and job title of any person who inspected the Property with you;
    b.  The date of each inspection;
    c.  The purpose of each inspection;
    d.  The length of time of each inspection;
    e.  The equipment or tools used during each inspection;
    f.  The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
    g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


8.     Following the inspection(s), did You engage in any additional communications (*e.g.*, telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

    a.  the date of such communication(s);
    b.  the manner of such communication(s);
    c.  the person to whom You communicated;
    d.  the reason for the communication(s);
    e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
    f.  the general substance of the communication.

RESPONSE:

9.    Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:

10.   For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

11.   To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

12.   Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

13.   How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:

14.   Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

15.   Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

21

RESPONSE:

16.    Identify all documents or items in your possession related to the claim made the basis of this
       Lawsuit that you did not submit to the insurance company and/or adjusting company
       assigned to this claim.

       RESPONSE:

17.    To the extent you are aware, identify all documents or items that were altered, revised,
       changed or removed from the documents or information you provided the insurance company
       or adjusting company relating to the claim made the basis of this Lawsuit.

       RESPONSE:

18.    Identify and describe any training, guidance or instruction provided to you by any person
       and/or entity regarding the handling of claims arising out of the storm(s) at issue in this
       Lawsuit.

       RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT TENORIO

1.  All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

    RESPONSE:

2.  All licenses or certifications that are identified in response to Interrogatory Number 3.

    RESPONSE:

3.  All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

    RESPONSE:

4.  All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

    RESPONSE:

5.  All resumes for the last five (5) years.

    RESPONSE:

6.  All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

    RESPONSE:

7.  All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

    RESPONSE:

23

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

10.   All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.   All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

RESPONSE:

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

24

15.     All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

    <u>RESPONSE</u>:

16.     All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    <u>RESPONSE</u>:

17.     All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

    <u>RESPONSE</u>:

18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

    <u>RESPONSE</u>:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO
## SAFECO AND TENORIO

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:



Hasler

016H26516819
$08.030
02/18/2015
Mailed From 76903
US POSTAGE



CERTIFIED MAIL

9519 3901 0613 5400 0050 4873 13

Return Receipt (Electronic)

SHERI WOOTEN
DISTRICT CLERK
TOM GREEN COUNTY
112 W BEAUREGARD AVE
SAN ANGELO, TX 76903-5835

RESTRICTED DELIVERY

A150045C
BY SERVING REGISTERED AGENT
CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

Filed for Record
2/27/2015 4:06:00 PM
Sheri Woodfin, District Clerk
Tom Green County, Texas

CAUSE NO. A150045C

| | | |
|---|---|---|
| APRIL MUNOZ, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| v. | § | TOM GREEN COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA AND CHRISTIAN | § | |
| TENORIO, | § | |
|     Defendants | § | 51st JUDICIAL DISTRICT |

## SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer to Plaintiff's Amended Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco denies each and every, all and singular, the allegations set forth in Plaintiff's Amended Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Appraisal.** Safeco further avers and asserts that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under her homeowners' insurance policy. Specifically, Safeco reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that upon final hearing hereof, Plaintiff April Munoz take nothing by

reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 27th day of February, 2015 to:

*Via Facsimile (713) 655-1587*
Richard D. Daly
John Scott Black
Ana M. Ene
William X. King
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
*Attorneys for Plaintiff*

_____
Catherine L. Hanna

# EXHIBIT "B"

3/10/2015                                          odysseypa.co.tom-green.tx.us/CaseDetail.aspx?CaseID=972777

Case 6:15-cv-00012-C   Document 1   Filed 03/11/15   Page 70 of 74   PageID 70
Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. A150045C

| | |
|---|---|
| April Munoz vs. Safeco Insurance Company of Indiana And Christian Tenorio | § § § § § |

| | |
|---|---|
| Case Type: | **Consumer/Commercial/Debt** |
| Date Filed: | **01/30/2015** |
| Location: | **51st District Court** |
| File Custody/Location: | **District Clerk's Office** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | **Safeco Insurance Company of Indiana**<br>through its registered agent, Corporation Service Company<br>211 East 7th Street, Suite 620<br>Austin, TX 78701 | **CATHERINE L. HANNA**<br>*Retained*<br>512-472-7700(W) |
| **Defendant** | **Tenorio, Christian**<br>7520 Grassvalley Trl.<br>Fort Worth, TX 76123 | |
| **Plaintiff** | **Munoz, April** | **RICHARD D. DALY**<br>*Retained*<br>713-308-5500(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/30/2015 | **Original Petition** | | |
| 02/02/2015 | **Information Sheet** | | |
| 02/03/2015 | **Citation** | | |
| | *ISSD CITATIONS BY CERTIFIED MAIL AND MAILED THEM* | | |
| 02/03/2015 | **Citation** | | |
| 02/03/2015 | **Citation** | | |
| 02/03/2015 | **Citation** | | |
| | Safeco Insurance Company of Indiana | Served | 02/07/2015 |
| | | Returned | 02/09/2015 |
| | Tenorio, Christian | Unserved | |
| 02/17/2015 | **Amended Petition** | | |
| | *Pltf Amended Original Petition* | | |
| 02/17/2015 | **Citation by Certified Mail** | | |
| | Safeco Insurance Company of Indiana | Unserved | |
| | Tenorio, Christian | Unserved | |
| 02/17/2015 | **Citation** | | |
| | *ISSD CITATIONS BY CERTIFIED MAIL AND MAILED THEM* | | |
| 02/17/2015 | **Citation** | | |
| 02/17/2015 | **Citation** | | |
| 02/27/2015 | **Answer** | | |
| | *Safeco's Original Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Munoz, April | | | |
| | Total Financial Assessment | | | 698.00 |
| | Total Payments and Credits | | | 698.00 |
| | **Balance Due as of 03/10/2015** | | | **0.00** |
| 02/02/2015 | Transaction Assessment | | | 480.00 |
| 02/02/2015 | E-File Electronic Payment | Receipt # 2015-14559-CV | Munoz, April | (480.00) |
| 02/17/2015 | Transaction Assessment | | | 218.00 |
| 02/17/2015 | E-File Electronic Payment | Receipt # 2015-14729-CV | Munoz, April | (218.00) |

# EXHIBIT "C"

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff April Munoz**
Richard D. Daly
John Scott Black
Ana M. Ene
William X. King
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas  77098
Telephone: 713.655.1405
Facsimile:  713.655.1587

**Counsel for Defendant Safeco Insurance Company of Indiana**
Catherine L. Hanna
Laura D. Tubbs
Hanna & Plaut, LLP
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone: 512.472.7700
Facsimile:  512.472.0205

# EXHIBIT "D"

## <u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.    Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.    True and correct copies of all pleadings, process and orders served in this action

3.    State Court Docket Sheet

4.    List of all Counsel of Record